Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:   (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiffs*
*Moonbug Entertainment Limited and*
*Treasure Studio Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO INC.,<br><br>*Plaintiffs*<br><br>v.<br><br>ALMALL, BABALA2, BABYANDBABYSTORE, BEAUTYDESIGN, BESTOY66, BINGSHENG888, BUYYOURMASK, CROC_SHOECHARMS, DANDELIONL2, DANDELIONL5, FACE_ME, FESTIVAL951, FIDGET TOYS, GOU07, GUADU, GUAHUO, GUAYIN, HEYSERY, HOME DECORATION, HOT WIND PROFESSIONAL WEDDING & FORMAL OCCASION DRESSES SUPPLIER, HUAFEI08, HUIHUANGGUOJI02, JESSICA2021, JIAO03, KAIYUE608, LINJINDAS12, LINSHOES, MAGGIE666888, MATERNALINFANT88, MENGYANG07, MIAOYAO, MUSUO06, NONOPE, NXYHOME, QIYUE06, RECOMMENDATION, SELLERSTORE07, SHANYE07, SHOE_ACCESSORIES86, SUNISSHINING, SUPERIORMALL, THEBLANKET, TOYSNAN, TUBI06, WEIMIAO, XINYUHUI, XIUYI01, XUE07, XYP04, XZY_BAG, YIWANG09, | **CIVIL ACTION No.**<br>**22-cv-2395 (DLC)**<br><br>[PROPOSED]<br>**FINAL DEFAULT**<br>**JUDGMENT AND**<br>**PERMANENT INJUNCTION**<br>**ORDER** |

| YONGQUAN02, YOUNGSTORE08, YUMENGHAO2021 and ZHOUCHENGHE, |
|---|
| *Defendant*s |

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiffs** | Moonbug Entertainment Limited ("Moonbug") and Treasure Studio Inc. ("Treasure") | N/A |
| **Defendants or Defaulting Defendants** | Almall, Babala2, Babyandbabystore, Beautydesign, Bestoy66, Bingsheng888, Buyyourmask, Croc_shoecharms, Dandelionl2, Dandelionl5, Face_me, Festival951, Fidget Toys, Gou07, Guadu, Guahuo, Guayin, Heysery, Home Decoration, Hot Wind Professional Wedding & Formal Occasion Dresses Supplier, Huafei08, Huihuangguoji02, Jessica2021, Jiao03, Kaiyue608, Linjindas12, Linshoes, Maggie666888, Maternalinfant88, Mengyang07, Miaoyao, Musuo06, Nonope, Nxyhome, Qiyue06, Recommendation, Sellerstore07, Shanye07, Shoe_accessories86, Sunisshining, Superiormall, Theblanket, Toysnan, Tubi06, Weimiao, Xinyuhui, Xiuyi01, Xue07, Xyp04, Xzy_bag, Yiwang09, Yongquan02, Youngstore08, Yumenghao2021 and Zhouchenghe | N/A |
| **DHgate** | Dunhuang Group d/b/a DHgate.com, an online marketplace and e-commerce platform which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York. | N/A |
| **Sealing Order** | Order to Seal File entered on March 22, 2022 | 1 |
| **Complaint** | Plaintiffs' Complaint filed on March 24, 2022 | 10 |
| **Application** | Plaintiffs' *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 13, 2021 | 15-18 |
| **Miller Dec.** | Declaration of Rob Miller in Support of Plaintiffs' Application | 18 |
| **Ioannou Dec.** | Declaration of Karena K. Ioannou in Support of Plaintiffs' Application | 17 |

| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on March 24, 2022 | 19 |
|---|---|---|
| **PI Show Cause Hearing** | April 15, 2022 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | April 15, 2022 Preliminary Injunction Order | 5 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as DHgate, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **CoComelon Content** | A popular streaming media show and YouTube channel featuring 3D animation videos of both traditional nursery rhymes and original children's songs | N/A |
| **CoComelon Applications** | U.S. Trademark Serial Application Nos.: 88/945,840 for " [CoComelon logo] " for goods in Class 3; 88/681,276 for " [CoComelon logo] " for goods in Class 25; 88/681,270 | N/A |

| | | |
|---|---|---|
| | for "![CoComelon logo]" for goods in Class 9; 88/681,262 for "COCOMELON" for goods in Class 28; 88/681,248 for "COCOMELON" for goods in Class 9; 88/681,280 for "![CoComelon logo]" for goods in Class 28 and 88/681,253 for "COCOMELON" for goods in Class 25 | |
| **CoComelon Registrations** | U.S. Trademark Registration Nos.: 6,375,368 for "COCOMELON" for goods in Class 16; 5,918,526 for "![CoComelon logo] CoComelon" for goods in Classes 9 and 41; 5,830,142 for "COCOMELON" for goods in Classes 9 and 41; 6,421,553 for "COCOMELON" for goods in Class 28; 6,521,784 for "COCOMELON" for goods in Class 25 and 6,563,758 for "![CoComelon logo] CoComelon" for goods in Class 25 | N/A |
| **CoComelon Marks** | The marks covered by the CoComelon Registrations and CoComelon Applications | N/A |
| **CoComelon Works** | U.S. Copyright Registration Nos.: VAu 1-379-978 covering JJ; VAu 1-322-038 covering Unpublished Family Characters 2017; VAu 1-319-613 covering Animal Characters 2017 and VAu 1-374-077 covering CoComelon Logo | |
| **CoComelon Products** | A variety of consumer products including toys, apparel, backpacks and other gear | N/A |

| | | |
|---|---|---|
| **Counterfeit Products** | Products bearing or used in connection with the CoComelon Marks and/or CoComelon Works, and/or products in packaging and/or containing labels and/or hang tags bearing the CoComelon Marks and/or CoComelon Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the CoComelon Marks and/or CoComelon Works and/or products that are identical or confusingly or substantially similar to the CoComelon Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any and all banks, financial institutions, credit card companies and payment processing agencies, such as DHgate (*e.g.*, DHpay.com), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online platforms, including, without limitation, those owned and operated, directly or indirectly by DHgate, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiffs' Motion for Default Judgment** | Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defendants filed on May 27, 2022 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiffs' Motion for Default Judgment | TBD |

iv

This matter comes before the Court by motion filed by Plaintiffs for the entry of final judgment and permanent injunction by default against Defendants for Defendants' trademark infringement, trademark counterfeiting and copyright infringement, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defendants' unauthorized use of Plaintiffs' CoCoMelon Marks and/or CoCoMelon Works including, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defendants' Liability

1) ORDERED, ADJUDGED AND DECREED that judgment is granted in favor of Plaintiffs as to the first and second causes of action pleaded in the Complaint (trademark counterfeiting and trademark infringement).

## II. Damages Awards

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement and the Copyright Act's prohibitions on willful infringement,

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

and because Plaintiffs have sufficiently set forth the basis for the statutory damages requested in their Motion for Default Judgment, the Court awards Plaintiffs Seventy-Five Thousand Dollars ($75,000.00) ("Defendants' Individual Damages Award") in statutory damages against each of the fifty-five (55) Defendants pursuant to 15 U.S.C. § 1117(c) for a total of Four Million One Hundred and Twenty-Five Thousand Dollars ($4,125,000.00) ("Defendants' Collective Damages Award"), as well as post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961(a).

### III. **Permanent Injunction**

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in concert with or under the direction of Defendants (regardless of whether located in the United States or abroad) who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the CoCoMelon Marks and/or CoCoMelon Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the CoCoMelon Marks and/or CoCoMelon Works;

   B. directly or indirectly infringing in any manner Plaintiffs' CoCoMelon Marks and/or CoCoMelon Works;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' CoCoMelon Marks and/or CoCoMelon Works to identify any goods or services not authorized by Plaintiffs;

D. using Plaintiffs' CoCoMelon Marks and/or CoCoMelon Works, or any other marks and/or artwork that are confusingly or substantially similar to the CoCoMelon Marks and/or CoCoMelon Works on or in connection with manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i. Defendants' User Accounts and/or Merchant Storefronts;

   ii. Defendants' Assets; and

   iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants must deliver up for destruction to Plaintiffs any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiffs' trademarks, copyrights or other rights including, without limitation, the CoCoMelon Marks and/or CoCoMelon Works, or bear any marks and/or artwork that are confusingly or substantially similar to the CoCoMelon Marks and/or CoCoMelon Works pursuant to 15 U.S.C. § 1118;

5) IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   i. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or other records or evidence relating to Defendants' Frozen Assets and Defendants' Financial Accounts;

   ii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

6) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

   i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

    ii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

## IV.   Dissolution of Rule 62(a) Stay

7) IT IS FURTHER ORDERED, ADJOURNED AND DECREED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiffs' judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V.   Miscellaneous Relief

8) IT IS FURTHER ORDERED, ADJOURNED AND DECEED that any failure by Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defendants to contempt remedies to be determined by the Court, including fines and seizures of property.

9) IT IS FURTHER ORDERED, ADJOURNED AND DECEED that the Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiffs submitted in connection to this action to counsel for Plaintiffs, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10166.

10) IT IS FURTHER ORDERED, ADJOURNED AND DECEED that this Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this _10th_ day of _June_, 2022, at _11:15_ a.m.

                                                HON. DENISE L. COTE
                                                UNITED STATES DISTRICT JUDGE